UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


WILLIAM DARRELL BARNES,

    Petitioner,

v.                                                      3:04-cv-594
                                                      3:00-cr-129

UNITED STATES OF AMERICA,

    Respondent.


**MEMORANDUM OPINION**

    This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum Opinion and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

    Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute marijuana. He was sentenced to a term of imprisonment of 63 months by judgment entered March 25, 2002. Petitioner did not appeal his conviction or sentence.

Petitioner filed his § 2255 motion on December 13, 2004.[1]  He alleges ineffective assistance of counsel based upon his attorney's failure to challenge his sentence.  According to petitioner, the government failed to charge him with the conduct for which he was sentenced.  In support of his § 2255 motion, petitioner refers to the recent U.S. Supreme Court decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), as well as *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing.  Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (amended 2004).  As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion.  The limitation period generally runs from the date on which the judgment of conviction becomes final.

In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed.  *See Chandler v. United States*, 22 Fed.Appx 399, 400, 2001 WL 1176597 *1 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct

---

[1] The court received the § 2255 motion on December 16, 2004  The envelope, however, bears a post-mark of December 13, 2005, and thus the motion is considered filed as of that date, pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).  *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

2

appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

In petitioner's case, the statute of limitation began to run on April 8, 2002, which was ten days after judgment was entered. *See* FED. R. CRIM. P. 45. Thus, the § 2255 motion was not filed prior to the expiration of the one-year statute of limitation. *Apprendi* was denied before petitioner's sentencing and therefore any claim under *Apprendi* is time-barred.

The court notes that 28 U.S.C. § 2255 provides several exceptions to the statute of limitation, one of which is: the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." At this time there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim petitioner may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S.. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied

retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

It plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis<br>United States District Judge